No. 83-118

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

DALTON E. WELLMAN and ANNA WELLMAN,
husband and wife,

Plaintiffs and Appellants,

-vs-

EDGAR G. WELLMAN and JOSIE WELLMAN,
husband and wife,

Defendants and Respondents.

_____

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Robert C. Sykes, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

E. Eugene Atherton, Kalispell, Montana

For Respondents:

Warden, Christiansen, Johnson & Berg; Gary R.
Christiansen, Kalispell, Montana

_____

Submitted on Briefs:   June 30, 1983

Decided:   SEP - 8 1983

Filed:   SEP 8 - 1983

Ethel M. Harrison
_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Plaintiffs, the son and daughter-in-law of defendant, Edgar G. Wellman (deceased) appeal from a judgment issued by the District Court of the Eleventh Judicial District, Flathead County, dismissing their action for an accounting of certain properties owned by both parties.

In Wellman v. Wellman (1982), ____ Mont. ___, 643 P.2d 573, 39 St.Rep. 752, we decided a similar action brought by the same plaintiffs against the same defendants. In the prior case, we decided that the plaintiffs' action was barred by res judicata from a 1971 default judgment. Likewise, the District Court in the case at bar decided res judicata barred the plaintiffs' present action. The District Court also held that the plaintiffs' action was barred by the statute of limitations.

In 1971, Edgar Wellman brought an action against his son and daughter-in-law to determine ownership of property held by two family corporations. Specifically, rights of ownership were determined to properties the parties refer to as (1) the Madhus property; (2) Isaac Walton Hotel; (3) Bearcreek Ranch; (4) air-strip property; and (5) Wellman Enterprises, Inc. property. A default judgment was entered against the son and daughter-in-law and a constructive trust was imposed upon the proceeds from the property until plaintiffs received the amounts due to them. The son and daughter-in-law brought a Rule 60(b)(1) motion to set aside the default judgment, which was denied by the court.

The present action actually was commenced in Marion County, Oregon, on July 12, 1977. In that complaint the son

and daughter-in-law sought an accounting of property interests that had been determined in the 1971 action in addition to several other alleged ownership rights. On March 2, 1981, it was dismissed from the Oregon court by agreement of the parties with the stipulation that the son and daughter-in-law could bring the proceeding to Montana within 90 days (by June 13, 1981). The complaint was refiled in Montana on July 2, 1981. Defendants filed a motion to dismiss arguing the action was barred by res judicata.

Meanwhile, this Court was deciding a similar case between the same parties. Wellman v. Wellman, supra. In that action, the plaintiffs had attempted to attack the 1971 default judgment, claiming the District Court had exceeded its jurisdiction by granting more relief than was sought in the pleadings. We affirmed the District Court determination that res judicata barred the plaintiffs' action.

The case at bar was held in abeyance by the District Court pending our decision in the previous action between the parties. Upon the issuance of our decision in that action, defendants renewed their motion to dismiss. The District Court granted the motion stating that the plaintiffs' action was barred for four reasons: (1) the action was not filed within the time stipulated by the parties in dismissing the Oregon action; (2) the 1971 decision is res judicata to all matters claimed by the plaintiffs; (3) the time allowed for bringing the action under the statute of limitations has expired; and, (4) the doctrine of laches.

As a general proposition, we have held:

> "The doctrine of res judicata states that a final judgment on the merits by a court of competent jurisdiction is conclusive as to causes of action or issues thereby, as to the parties and their privies, in all other actions in the same or any

- 3 -

other judicial tribunal or concurrent jurisdiction." Meagher Co. Water Dist. v. Walter (1976), 169 Mont. 358, 361, 547 P.2d 850, 852.

The doctrine bars consideration of an action if four elements are present: (1) the subject matter of the action must be the same; (2) the parties or their privies must be the same; (3) the issues must be the same and relate to the same subject matter; and (4) the capacities of the persons must be the same in reference to the subject matter and to the issues between them. Brannon v. Lewis and Clark County (1963), 143 Mont. 200, 207, 387 P.2d 706, 711. Appellants argue that the issues and subject matter of this action are different from the 1971 action because they are claiming rights to property not considered in the 1971 action. Specifically, counsel for appellants asserts in his brief that this action concerns an accounting of proceeds from the disputed properties that the respondents acquired after 1977 and, thus, the doctrine of res judicata is inapplicable.

We hold that the doctrine of res judicata applies and appellants are barred from asserting their claim. This action is clearly an attempt to relitigate issues that were originally considered in the 1971 action. Although appellants argue that the case before us involves an accounting action for events occurring subsequent to July 12, 1977, their complaint does not support that assertion. Indeed, such a cause of action could not have arisen in 1977 since the 1971 judgment had yet to be satisfied.

Moreover, the fact that appellants appear to name property not considered in the 1971 action does not preclude application of the doctrine of res judicata. The most important element in sustaining a plea of res judicata is identity of issues. Harris v. Harris (1980), ___ Mont. ___,

- 4 -

616 P.2d 1099, 37 St.Rep. 1696. The 1971 action was for an accounting of properties in dispute between the two parties. Appellants had a full opportunity to litigate any claims they had at that time. Importantly, the doctrine of res judicata is founded upon the widely-recognized public policy that there must be some end to litigation. Wellman v. Wellman, supra. Also, it should be noted that appellants did not specifically indicate the dispute involved different property until the issue of res judicata was asserted by respondents.

In addition, we hold that the statute of limitations bars appellants' cause of action. The statute of limitations applies to suits in equity and actions at law. Mantle v. Speculation Min. Co. (1903), 27 Mont. 473, 71 P. 665. Montana's statute in this regard is section 27-2-215, MCA, which provides: "An action for relief not otherwise provided for must be commenced within five years after the cause of action accrues."

A cause of action "accrues" when the right to sue has become vested and appellant can show that another has wrongfully infringed upon his liberty or property. Bergin v. Temple (1941), 111 Mont. 539, 111 P.2d 286.

Appellants state in their brief that they first became aware of business disputes with respondents upon their remarriage in 1970. The complaint was filed in Oregon seven years later. Moreover, in 1971, appellants did not resist the action brought by respondents for an accounting of the property in dispute. Clearly, the five year period began to run in either 1970 or 1971 and appellants are barred from bringing this action. Appellants' argument that they did not become aware of their cause of action until October 1978 or 1979 is without merit since they filed their action in 1977.

In addition to the doctrine of <u>res judicata</u> and running of the statute of limitations, appellants' action is barred by the equitable doctrine of laches. The doctrine of laches was set forth at some length in Riley v. Blacker (1915), 51 Mont. 364, 370, 371, 152 P. 758, 759, applied in Hynes v. Silver Prince Mining Co. (1929), 86 Mont. 10, 281 P. 548 and Montgomery v. Bank of Dillon (1943), 114 Mont. 395, 136 P.2d 760; and cited in Davis v. Steingruber (1957), 131 Mont. 468, 311 P.2d 784 and Johnson v. Johnson (1977), 172 Mont. 94, 561 P.2d 917:

> "Laches, considered as a bar independent of the statute of limitations, is a concept of equity; it means negligence in the assertion of a right; it is the practical application of the maxim, 'Equity aids only the vigilant'; and it exists when there has been an unexplained delay of such duration or character as to render the enforcement of the asserted right inequitable . . . 'Considerations of public policy and the difficulty of doing justice between the parties are sufficient to warrant a court of equity in refusing to institute an investigation where the lapse of time in the assertion of the claim is such as to show inexcusable neglect on the part of the plaintiff, no matter how apparently just his claim may be; and this is particularly so where the relations of the parties have been materially altered in the meantime.' [Citing cases.] What constitutes a material change of condition has been the subject of much judicial discussion and some judicial dissension; but whatever doubt there may be as to other circumstances, it never has been questioned, to our knowledge, that the death of one of the parties to the transaction is such a change."

For the above stated reasons, we affirm the judgment of the District Court.

Justice

- 6 -

We concur:

_____
Chief Justice

_____
_____
_____
Justices