No. 94-412

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

KENNETH GREENWOOD,

     Plaintiff and Appellant,

   -v-

**STEVE NELSON TRUCKING, INC.,**

     Defendant and Cross-
Appellant.

FILED

MAR 07 1995

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Maurice R. Colberg, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     J. Reuss, Wright, Tolliver and Guthals, Billings,
Montana

     For Respondent:

     Brad L. Arndorfer, Billings, Montana

Submitted on Briefs:  December 8, 1994

Decided:  March 7, 1995

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court

This is an appeal from the grant of summary judgment to Steve Nelson Trucking by the Thirteenth Judicial District Court, Yellowstone County. We affirm.

We consider the following issues:

I. Did the District Court err in granting summary judgment to Steve Nelson Trucking?

II. Did the District Court err in denying Steve Nelson Trucking its attorney's fees?

On September 24, 1990, Kenneth Greenwood (Greenwood) contracted with Steve Nelson Trucking (Nelson Trucking) to have Nelson Trucking haul livestock from Nye, Montana to Glentana, Montana. Nelson Trucking hauled the livestock on September 25, 1990 and charged Greenwood $3,174.80.

In the hauling of three loads of livestock, two calves were injured. Greenwood alleges that Nelson Trucking agreed to charge $946 per load and at three loads, the total would be $2,838.00. Greenwood deducted the cost of the injured calves from the $2,838.00 and tendered payment to Nelson Trucking of $1,972.29.

Nelson Trucking sued Greenwood in Justice Court for $1,202.51. Greenwood did not submit an answer on Nelson Trucking's charges until the day of trial. The Justice of the Peace sustained Nelson Trucking's objection and refused the answer. The court entered a default judgment for Nelson Trucking ordering Greenwood to pay $1,202.51 and $35.00 court costs. Greenwood did not appeal the Justice Court decision.

Greenwood then filed an action in District Court alleging that Nelson Trucking overcharged him for hauling the cattle and that he had two injured calves worth $865.71. Greenwood also alleged that Nelson Trucking violated § 69-12-502, MCA, and that Greenwood should recover for the overcharge. Greenwood asks for treble damages and attorney's fees.

Nelson Trucking moved the court for summary judgment arguing that Greenwood's claims cannot be filed again, having already been filed in Justice Court and decided. The District Court granted summary judgment to Nelson Trucking.

## I.

Did the District Court err in granting summary judgment to Steve Nelson Trucking?

The District Court granted summary judgment based upon its analysis that Greenwood's action was a collateral attack on the Justice Court's ruling. The court determined that the original contract to haul cattle was not void because Nelson Trucking overcharged Greenwood. According to the court, the appropriate statute § 69-12-502, MCA, requiring a trucking company to only charge approved rates, does not say that any contract involving higher rates is void.

Further, the court stated that §§ 28-2-701, and 28-2-803, MCA, only make a contract void when the contract has an illegal purpose. Hauling cattle from place to place is not an illegal purpose, The contract is not void; therefore, any claims brought before the Justice Court or claims that should have been brought before the Justice Court are res judicata.

Summary judgment should be granted if the moving party successfully carries its burden to establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Thomas v. Hale (1990), 246 Mont. 64, 802 P.2d 1255. Once the movant has discharged this burden of proof, then the non-moving party must come forward with substantial evidence raising a genuine issue of material fact. Thomas, 246 Mont. at 66-67, 802 P.2d at 1257.

Greenwood argues that material issues of fact exist arguing that his contract to haul cattle was void because the consideration for the contract was not lawful pursuant to § 28-2-803 and § 28-2-701, MCA. According to Greenwood, the void contract prohibits a finding of res judicata. Further, Greenwood argues that res judicata is not applicable here because the issues are not the same.

Nelson Trucking contends that only one of Greenwood's claims was not considered by the Justice Court. Nelson Trucking argues that Greenwood's excessive charge claim, though not considered by the Justice Court, should have been brought and cannot now be raised. Nelson Trucking contends that all issues are res judicata and, therefore, it is entitled to summary judgment as a matter of law.

Greenwood centers his arguments on unlawful consideration. The consideration for hauling cattle was money. Money is not unlawful consideration. "Amount of money" does not make the consideration unlawful. Greenwood has provided us with no legal precedent for his legal argument. His contract was not based upon

4

unlawful consideration and is not void. Not being void, the contract claims made by Greenwood must be analyzed as to whether they are res judicata.

Res judicata requires that the parties must be the same, the subject matter of the action must be the same, the issues must be the same and relate to the same subject matter, and the capacities of the persons must be the same in reference to the subject matter and to the issues. Filler v. Richland County (1991), 247 Mont. 285, 806 P.2d 537. The principle underlying the doctrine of res judicata is that a party is prohibited from relitigating a matter that the party has already had an opportunity to litigate. Whirry v. Swanson (1992), 254 Mont. 248, 836 P.2d 1227.

In the present action, Greenwood had an opportunity to litigate the claims that he now charges against Nelson Trucking. The fact that he did not file an answer until the day of trial and suffered a default judgment does not negate the fact that he had the opportunity to litigate all claims arising from the contract with Nelson Trucking. Greenwood could have appealed his default judgment but chose not to do so. Having made that decision, Greenwood cannot now raise the same issues concerning the contract price and Nelson Trucking's negligence. These issues are res judicata because the parties, the issues, the subject matter, and the parties' capacities are the same as those raised in Justice Court.

In addition to the issues considered by the Justice Court, Greenwood contends that he was charged an excessive amount for the services. The materials considered in connection with the summary

judgment show that Greenwood paid $1,972.89 of the $3,174.80 contract price. The Justice Court assessed Greenwood $1,202.51. Because of an admitted $200 overcharge, Nelson Trucking filed a partial satisfaction of $200 as to Greenwood. Greenwood has failed to establish any overcharge other than the admitted $200 overcharge for which a partial satisfaction has been given. As a result Greenwood has no basis to contend that he paid an excess charge. We affirm the conclusion of the District Court that Greenwood failed to raise an issue of material fact with regard to any excess charges.

The District Court was correct in granting summary judgment on this issue as well as other issues, because no evidence was presented to show that Greenwood had overpaid Nelson Trucking.

We hold the District Court correctly granted summary judgment to Nelson Trucking because Greenwood's claims are barred by the doctrine of res judicata.

II.

Did the District Court err in denying Steve Nelson Trucking its attorney's fees?

Nelson Trucking filed a cross-appeal seeking its attorney's fees because Greenwood has continued to engage in frivolous litigation. Nelson Trucking cites State v. Frank (1987), 226 Mont. 283, 735 P.2d 290, for the proposition that equity demands such an award. Greenwood argues that the present case does not represent any "extreme" situation which would demand the equitable action of grant of attorney's fees.

The Frank case involves attorney's fees awarded as costs

6

because a governmental entity had acted in bad faith or pursued a claim frivolously. Frank, 226 Mont. at 292-293. The present case contains no governmental entity. Nor does the present case concern "extreme" facts as presented in Frank. Frank is not authority for Nelson Trucking's arguments.

The general rule for award of attorney's fees is that absent statute or contract, attorney's fees will not be awarded. Sage v. Rogers (1993), 257 Mont. 229, 848 P.2d 1034. In isolated instances, a district court, by using its discretion, can award attorney's fees to make an injured party whole under its equity powers. Goodover v. Lindeys (1992), 255 Mont. 430, 843 P.2d 765. This case does not present one of the rare cases in which a district court could use its equitable powers to award such fees.

We hold that the District Court did not err in denying Steve Nelson Trucking attorney's fees.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

March 7, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

J. Reuss, Esq.
Wright, Tolliver and Guthals, P.C.
Box 1977
Billings MT 59103-1977

Brad L. Arndorfer
Attorney At Law
Box 412
Billings MT 59103-0412

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _N. Gallagher_
Deputy