No. 95-195

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

CLEVE LONEY,

        Plaintiff and Appellant,

v.

MILODRAGOVICH, DALE & DYE, P.C.,

        Defendant and Respondent.

FILED

OCT 31 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Antonia P. Marra; Bell & Marra, Great Falls,
Montana

    For Respondent:

        Jon R. Binney; Milodragovich, Dale, Steinbrenner
& Binney, Missoula, Montana

Submitted on Briefs:  September 13, 1995

Decided:  October 31, 1995

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Cleve Loney (Loney) appeals from an order of the Fourth Judicial District Court, Missoula County, dismissing his complaint for failure to state a claim upon which relief could be granted. We affirm.

The issue on appeal is whether the District Court erred in dismissing Loney's complaint pursuant to Rule 12(b)(6), M.R.Civ.P., on the basis that his claim is barred by the doctrine of res judicata.

The law firm of Milodragovich, Dale and Dye, P.C. (the Firm) represented Loney in bankruptcy proceedings. In April of 1991, the Firm filed an action to recover unpaid attorney's fees from Loney. Loney failed to answer the complaint and a default judgment in the amount of $7,626.42 was entered against him in September of 1991.

In October of 1994, Loney filed a complaint against the Firm requesting that the District Court declare the default judgment void and unenforceable because the debt had been discharged in bankruptcy. The Firm moved to dismiss the complaint pursuant to Rule 12(b)(6), M.R.Civ.P. After considering the parties' pleadings and briefs, the District Court concluded that Loney's failure to affirmatively plead discharge in bankruptcy pursuant to Rule 8(c), M.R.Civ.P., during the Firm's action against him constituted a waiver of that defense. The court further concluded that Loney's claim against the Firm was barred by the doctrine of res judicata and, on that basis, dismissed Loney's complaint for failure to

2

state a claim upon which relief could be granted. Loney appeals.

> Did the District Court err in dismissing Loney's complaint pursuant to Rule 12(b)(6), M.R.Civ.P., on the basis that his claim is barred by the doctrine of res judicata?

In evaluating a Rule 12(b)(6) motion to dismiss, courts are required to construe a complaint in the light most favorable to the plaintiff. A complaint should not be dismissed unless it appears that the plaintiff is not entitled to relief under any set of facts which could proved in support of the claim. Boreen v. Christensen (1994), 267 Mont. 405, 408, 884 P.2d 761, 762 (citation omitted). The District Court's determination that Loney's complaint failed to state a claim upon which relief could be granted, on the basis that it was barred by the doctrine of res judicata, is a conclusion of law. See Boreen, 884 P.2d at 762. We review a district court's conclusions of law to determine whether the interpretation of the law is correct. Boreen, 884 P.2d at 762 (citation omitted).

The doctrine of res judicata prevents a party from re-litigating a matter that the party has already had an opportunity to litigate. Greenwood v. Steve Nelson Trucking, Inc. (Mont. 1995), 890 P.2d 765, 767, 52 St.Rep. 151, 152 (citation omitted). It is based on the public policy that there must be some end to litigation. Wellman v. Wellman (1983), 205 Mont. 504, 508, 668 P.2d 1060, 1062. A claim is res judicata when four criteria are met: the parties or their privies are the same; the subject matter of the claim is the same; the issues are the same and relate to the same subject matter; and the capacities of the persons are the same in reference to the subject matter and the issues. Greenwood,

3

890 P.2d at 767 (citation omitted).

Loney does not dispute that three of the four res judicata criteria are satisfied in this case. The parties are the same in both actions; the Firm sued Loney in the earlier proceeding and Loney sued the Firm in the present action. The subject matter is also the same; both actions are based on the unpaid attorney's fees the Firm is attempting to collect from Loney. The capacity of the parties involved has not changed in relation to the subject matter and the issues in the litigation.

Loney argues, however, that the issue in the present action is not the same as the issue resolved by the 1991 default judgment against him and, therefore, that his action against the Firm is not barred by the doctrine of res judicata. He contends that the issues are different in that the 1991 default judgment determined the amount of unpaid attorney's fees, while the issue in his action against the Firm is the voidness of that judgment based on the prior bankruptcy court order discharging his debts.

While it is true that the specific issue of whether the unpaid attorney's fees were discharged in bankruptcy was not litigated in the Firm's action against Loney, the doctrine of res judicata bars not only issues which were previously litigated, but also issues which *could have been litigated* in the prior proceeding. See State ex rel. Harlem Irrigation Dist. v. Montana Seventeenth Judicial Dist. Court (Mont. 1995), 894 P.2d 943, 946, 52 St.Rep. 364, 366 (citation omitted). Whether the unpaid attorney's fees were discharged in bankruptcy is inseparable from the issue presented in

4

the prior proceeding, namely, whether Loney owed the Firm attorney's fees. The fact that Loney did not answer the Firm's complaint and, as a result, that a default judgment was entered against him does not negate the fact that he had an opportunity to litigate the issue. See Greenwood, 890 P.2d at 767.

Moreover, Rule 8(c), M.R.Civ.P., required Loney to plead discharge in bankruptcy as an affirmative defense to the Firm's complaint in the prior proceeding. We consistently have stated that failure to affirmatively plead a defense set forth in Rule 8(c) generally results in a waiver of that defense. See, e.g., Brown v. Ehlert (1992), 255 Mont. 140, 146, 841 P.2d 510, 514; Nimmick v. Hart (1991), 248 Mont. 1, 8, 808 P.2d 481, 486; Pracht v. Rollins (1989), 239 Mont. 62, 68, 779 P.2d 57, 61; Taylor v. Dep't of Fish, Wildlife & Parks, State of Montana (1983), 205 Mont. 85, 96, 666 P.2d 1228, 1233. Thus, in addition to having the opportunity to litigate this issue in the earlier proceeding, Loney was required to raise the matter of discharge in bankruptcy by Rule 8(c), M.R.Civ.P., or waive the defense.

We conclude that the issue presented in this action is the same as the issue resolved by the 1991 default judgment against Loney. Having determined that all four criteria necessary for application of res judicata are satisfied, we hold that the District Court did not err in concluding that Loney's claim against the Firm was barred by the doctrine of res judicata.

Loney also argues on appeal that, because the 1991 default judgment is void, he can collaterally attack that judgment at any

5

time in a motion or an independent action pursuant to Rule 60(b)(4) and (6), M.R.Civ.P. Loney's argument mischaracterizes Rule 60(b). A party seeking relief from a final order or judgment can file either a motion for relief based on one of the subsections of Rule 60(b) or an independent action under the residual clause of Rule 60(b). See Brown v. Small (1992), 251 Mont. 414, 420, 825 P.2d 1209, 1213; Rule 60(b), M.R.Civ.P.

Although Loney's argument is purportedly based on Rule 60(b)(4) and (6), these subsections of Rule 60(b) are inapplicable here because he did not seek relief from the default judgment via a Rule 60(b) motion filed in that case. See Brown, 825 P.2d at 1213. Instead, Loney brought an independent action for relief from the default judgment. Therefore, we examine his action under the residual clause of Rule 60(b), M.R.Civ.P.

The residual clause of Rule 60(b), M.R.Civ.P., allows a party to file an independent action for relief from a final judgment or order under very limited circumstances. We recently clarified that the available grounds for relief pursuant to the residual clause are: lack of personal notification, fraud upon the court, or an independent action for extrinsic fraud. In re Marriage of Miller (Mont. 1995), ___ P.2d ___, 52 St.Rep. 977, 979 (citing Salway v. Arkava (1985), 215 Mont. 135, 695 P.2d 1302).

Loney argues that his independent action is premised on the Firm's extrinsic fraud in failing to inform the District Court that the contested attorney's fees had not been approved by the bankruptcy court. He relies on In re Marriage of Madden (1984),

6

211 Mont. 237, 683 P.2d 493. We recently overruled Marriage of Madden, however, to the extent that it incorrectly characterized intrinsic fraud as extrinsic fraud and set aside the judgment on that basis pursuant to the residual clause of Rule 60(b), M.R.Civ.P. Marriage of Miller, 52 St.Rep. at 980.

Furthermore, we note that Loney's specific extrinsic fraud argument, that the Firm failed to disclose to the District Court that the fees had not been approved by the bankruptcy court, is inseparable from the issue presented in the earlier proceeding of whether Loney owed the Firm attorney's fees and, therefore, is inextricably intertwined with our conclusion that this issue is the same as that resolved by the 1991 default judgment against Loney. Under the circumstances of this case, Loney cannot circumvent the doctrine of res judicata through reliance on the residual clause of Rule 60(b), M.R.Civ.P.

Loney also argues, in his reply brief on appeal, that the court lacked jurisdiction to enter the 1991 default judgment. Rule 23(c), M.R.App.P., requires that an appellant's reply brief be confined to new matter raised in the respondent's brief; thus, an appellant is prohibited from raising new issues in a reply brief. See Denend v. Bradford Roofing & Insulation (1985), 218 Mont. 505, 510, 710 P.2d 61, 64. Accordingly, we will not address the merits of an issue presented for the first time in a reply brief on appeal.

Affirmed.

_____
Justice

7

We concur:

_____
                Chief Justice

_____

_____

_____
                Justices

8