JUSTICE LEAPHART
delivered the Opinion of the Court.
Marilyn Hollister (Hollister) appeals from the Rosebud County, Sixteenth Judicial District Court’s dismissal of her 42 U.S.C. § 1983 claim against Rosebud County and John Forsythe (collectively “Forsythe”). We affirm.
The sole issue before us is whether the District Court erred in dismissing Hollister’s 42 U.S.C. § 1983 claim based on res judicata.
BACKGROUND
The background facts of this case are presented in Hollister v. Forsythe (1995), 270 Mont. 91, 92-93, 889 P.2d 1205, 1206. Hollister initially filed a complaint for deprivation of rights in the United States District Court for Montana. The United States District Court granted Forsythe’s motion for partial summary judgment and dismissed Hollister’s federal claims with prejudice. She appealed the United States District Court’s judgment. The Ninth Circuit Court of Appeals affirmed in Hollister v. Forsythe (9th Cir. 1994), 22 F.3d 950. She then filed a complaint for wrongful discharge and other torts in Montana state district court. Pursuant to Forsythe’s motion to dismiss, the state district court dismissed her suit based on the statute of limitations. We reversed in Hollister, 889 P.2d 1205.
In Hollister, we held that Hollister’s claims in state court were not barred by the statute of limitations because:
under Montana’s renewal statute, § 27-2-407, MCA, use of the word “termination” refers to the ultimate termination which occurs after final appellate action. Accordingly, the one-year period begins to run from the date that the time for appeal expires or, in the event of an appeal, from the date of the remittitur or judgment of the appellate court.
*26 Hollister, 889 P.2d at 1208. Because her state court complaint was filed within one year of the Ninth Circuit’s decision on appeal, it was within the statutory period.
On remand, Montana’s Sixteenth Judicial District Court considered the remaining issues in Forsythe’s motion to dismiss. Under Rule 12(b)(6), M.R.Civ.R, Forsythe moved for dismissal for failure to state a claim upon which relief can be granted. Forsythe’s motion to dismiss raised the following issues: Whether Hollister’s claims outside the Montana Wrongful Discharge from Employment Act (WDFEA), §§ 39-2-901 through -915, MCA, were preempted by WDFEA and, whether her 42 U.S.C. § 1983 claim was barred by res judicata. The court dismissed all claims outside of WDFEA and ordered the case to proceed only on Hollister’s claim of wrongful discharge under WDFEA. In the present appeal, we are called upon to review the Sixteenth Judicial District Court’s holding that Hollister’s claim under 42 U.S.C. § 1983 was barred by the Ninth Circuit’s holding that Hollister had no property interest in her job thus there could be no constitutional violation and no claim under 42 U.S.C. § 1983. Hollister, 22 F.3d 950.
In the mean time, in federal court, Hollister filed a Rule 60, Fed.R.Civ.P., Motion for Relief from Judgment based on our decision in Boreen v. Christensen (1994), 267 Mont. 405, 884 P.2d 761. In Boreen, we disagreed with the Ninth Circuit’s reasoning regarding Hollister’s potential property right in her employment with Rosebud County. Boreen, 884 P.2d at 769; see Hollister, 22 F.3d at 953. The federal district court denied her motion and the matter is currently pending before the Ninth Circuit Court of Appeals.
STANDARD OF REVIEW
A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Lockwood v. W.R. Grace & Co. (1995), 272 Mont. 202, 207, 900 P.2d 314, 317.
Amotion to dismiss under Rule 12(b)(6), M.R.Civ.R, has the effect of admitting all well-pleaded allegations in the complaint. In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true.
Lockwood, 900 P.2d at 317 (quoting Boreen, 884 P.2d at 762). The determination that a complaint fails to state a claim upon which relief *27 can be granted is a conclusion of law. We review a district court’s conclusions of law to determine whether the court’s interpretation of the law is correct. Lockwood, 900 P.2d at 317.
DISCUSSION
Did the District Court err in dismissing Hollister’s 42 U.S.C.
§ 1983 claim based on res judicata?
The doctrine of res judicata prevents a party from re-litigating a matter that the party has already had an opportunity to litigate. Loney v. Milodragovich, Dale & Dye, P.C. (1995), 273 Mont. 506, 510, 905 P.2d 158, 161; Greenwood v. Steve Nelson Trucking, Inc. (1995), 270 Mont. 216, 219, 890 P.2d 765, 767. Res judicata is based on the public policy that there must be some end to litigation. Loney, 905 P.2d at 161; Wellman v. Wellman (1983), 205 Mont. 504, 508, 668 P.2d 1060, 1062. The doctrine of res judicata states that a final judgment on the merits by a court of competent jurisdiction is conclusive as to causes of action or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. State ex rel. Harlem Irrigation Dist. v. Montana Seventeenth Judicial Dist. Court (1995), 271 Mont. 129, 132, 894 P.2d 943, 944-45; Meagher County Newlan Creek Water Dist. v. Walter (1976), 169 Mont. 358, 361, 547 P.2d 850, 852.
A claim is res judicata when four criteria are met: the parties or their privies are the same; the subject matter of the claim is the same; the issues are the same and relate to the same subject matter; and the capacities of the persons are the same in reference to the subject matter and the issues. Loney, 905 P.2d at 161; In re Marriage of Blair (1995), 271 Mont. 196, 203, 894 P.2d 958, 963. The most important of the four criteria for res judicata is the identity of issues. Marriage of Blair, 894 P.2d at 963; In re Marriage of Harris (1980), 189 Mont. 509, 513,6 16 P.2d 1099, 1101. Additionally, the doctrine of res judicata bars not only issues which were previously litigated, but also issues which could have been litigated in the prior proceeding. Loney, 905 P.2d at 161; see Harlem, 894 P.2d at 946.
Hollister concedes that the first and fourth criteria of res judicata are met. However, she argues that the second and third criteria are not met. She alleges that the issue is not the same because the federal courts only addressed the threshold question of whether Hollister had a property interest in her county employment. She alleges that in light of our decision in Boreen, 884 P.2d 761, the federal courts erred in concluding that, under Montana law, Hollister did not *28 have a property interest in her employment. Because the court did not proceed beyond that threshold question, Hollister also argues that her claims have not been judged on their merits.
Forsythe counters that the issue in Hollister’s state court action is identical to the issue previously raised and decided by the federal court. We agree. In federal court, Hollister alleged that Forsythe’s termination of her employment violated her constitutional rights to substantive and procedural due process. In state court, Hollister realleges the same claim and seeks the same remedy. Forsythe argues that Boreen does not alter the fundamental issue in Hollister’s state court § 1983 action, that is, whether there is a property interest in employment. Boreen, 884 P.2d at 762-63. Moreover, even if the federal court erroneously determined that there is no property interest in employment under Montana law, res judicata still applies. Mills v. Lincoln County (1993), 262 Mont. 283, 285, 864 P.2d 1265, 1267; Brennan v. Jones (1936), 101 Mont. 550, 565, 55 P.2d 697, 701.
Hollister argues that the subject matter presented to the courts differs because the instant case involves her civil rights, constitutional rights and tort claims, not whether she has a property interest in her employment. However, the subject matter in both actions is the termination of Hollister’s employment as a secretary for Rosebud County. In Harlem, we held that the same subject matter that gave rise to the initial complaint was also the basis for the subsequent causes of action. Harlem, 894 P.2d at 945. The same is true here, the underlying subject matter in both federal and state forums is Hollister’s termination from employment.
Beyond the criteria of res judicata, Hollister argues that she has a right to have the merits of her case heard and that in granting summary judgment to Forsythe, the United States District Court did not decide the merits of her civil rights, constitutional rights and tort claims. In federal court, Hollister alleged federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. In determining the threshold issue of federal jurisdiction, the federal court first examined Hollister’s § 1983 claim. The federal court determined that, to bring a § 1983 claim based on a violation of procedural due process, Hollister had to first establish that a property interest protected by the Fourteenth Amendment was affected by Forsythe’s termination decision. The federal court held that Hollister had not established a property interest in her employment, thus the court granted summary judgment to Forsythe on the issue of Hollister’s § 1983 claim. Having found no federal question jurisdiction, the federal court *29 dismissed Hollister’s federal claims with prejudice and dismissed her pendant state claims without prejudice stating “the parties may simply resubmit the remaining issues to the appropriate state court.” Hollister contends that because the federal court found, at the threshold, that she could not establish a property interest in her employment, her claims have not been decided on their merits.
In Smith v. Schweigert (1990), 241 Mont. 54, 59, 785 P.2d 195, 198, we held that summary judgment is a decision on the merits because it is a conclusive determination of a legal issue presented by the facts of a case. See Harlem, 894 P.2d at 945. In Mills, we reaffirmed this proposition that summary judgment is, indeed, a final judgment on the merits and that the res judicata bar is, therefore, applicable. 864 P.2d at 1267.
InMiiis, the United States District Court granted Lincoln County’s motion for summary judgment based on immunity under § 2-9-111, MCA. Soon thereafter, the legislature significantly amended § 2-9-111, MCA, such that the county’s immunity defense would be negated. Mills did not file a motion for reconsideration in federal court, instead she filed a complaint against the county in state district court. The case came to trial and the jury found that the county was not negligent. Sua sponte, the district court ordered a new trial. On appeal, we held that Mills’ state court action was barred by res judicata.
The point to be noted is that, right or wrong, the federal court entered summary judgment against Mills; that judgment became final by Mills’ failure to pursue the available remedy in federal court; and she is now bound by that judgment.
Mills, 864 P.2d at 1267 (emphasis added).
Throughout her appeal, Hollister argues that the federal court’s holding that she has no property interest in employment is wrong. She bases her contention on our decision in Boreen, 884 P.2d 761. In Boreen, we discussed Hollister, 22 F.3d 950, in which the Ninth Circuit concluded that Montana’s Wrongful Discharge from Employment Act does not create, in at-will employees, a property interest in their jobs. Hollister, 22 F.3d at 953. We stated “we simply do not agree with the court’s application of our prior case law to the facts in Hollister.” Boreen, 884 P.2d at 769. Despite our disagreement with the Ninth Circuit’s conclusion regarding Hollister’s potential property interest in her employment, we are in no position to change the Ninth Circuit’s decision. As previously stated in Mills, Hollister is bound by the judgment, right or wrong, of the federal court in which *30 she brought her claim. Mills, 864 P.2d at 1267. If parties are allowed to commence new lawsuits on litigated claims and issues every time a subsequent change in the law might, arguably, alter the result of the first litigation, it is safe to say that there will be few “final judgments” ever entered. Mills, 864 P.2d at 1267-68.
Hollister, in federal district court, litigated the question of whether she had a property interest sufficient to sustain a § 1983 claim. The federal district court ruled that she did not, and that decision was affirmed by the Ninth Circuit. Hollister, 22 F.3d 950. Although, in Boreen, we subsequently disagreed with the conclusions reached by the federal courts, the doctrine of res judicata bars us from considering this litigated claim. Mills, 864 P.2d at 1267. As is her right, Hollister has sought Rule 60, Fed.R.Civ.R, relief in federal court in light of our decision in Boreen. That matter is pending appeal to the Ninth Circuit. The outcome of that appeal, however, will not affect the application of the res judicata principles which we now find controlling of the state court claim under § 1983.
In the instant case, as in Mills, we hold that the federal court summary judgment was a final judgment on the merits and that res judicata bars Hollister’s state court action under § 1983.
Affirmed.
JUSTICES ERDMANN, GRAY and NELSON concur.