No. 96-667

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

DORIS A. SCOTT, individually and as Personal Representative
of the Estate of John William Scott, Deceased,

Plaintiff and Appellant,

v.

JAMES L. HENRICH, DAVID J. FLAMAND, BUTTE-SILVER BOW LAW
ENFORCEMENT AGENCY, CITY OF BUTTE, and COUNTY OF SILVER BOW,

Defendants and Respondents.

APPEAL FROM:    District Court of the Second Judicial District,
                    In and for the County of Silver Bow,
                The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Curtis G. Thompson and William D. Jacobsen;
Thompson & Jacobsen; Great Falls, Montana

For Respondents:

Brendon J. Rohan; Poore, Roth & Robinson; Butte, Montana
(for Respondents Henrich, Flamand and Butte-Silver Bow
Law Enforcement Agency)

Marshal L. Mickelson; Corette, Pohlman & Kebe; Butte, Montana
(for Respondents City of Butte and County of Silver Bow)

Submitted on Briefs: April 4, 1997

Decided: June 10, 1997
Filed:

---
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

Doris Scott appeals from the Silver Bow County, Second Judicial District Court's entry of summary judgment against her in this negligence action for wrongful death and survivorship, arising from the shooting death of her husband by an officer of the Butte-Silver Bow Law Enforcement Agency. We reverse.

The sole issue before us is whether the District Court erred in granting summary judgment against Scott on her state law negligence claims for wrongful death and survivorship on the grounds of res judicata.

FACTUAL BACKGROUND

This case arises from the shooting death of John Scott by an officer of the Butte-Silver Bow Law Enforcement Agency. On August 4, 1984, police officers James L. Henrich and David J. Flamand responded to a call reporting the discharge of firearms at 701 West Park Street in Butte. When they arrived at the scene, a resident informed them that an individual had fired a rifle and entered a nearby apartment. Officer Flamand then saw a man peer out of a second story window in the building.

Both officers, with weapons drawn, approached the door of the apartment. Officer Henrich banged and kicked on the door and identified himself and Officer Flamand as police officers. A few minutes later, Officer Henrich again banged on the door and identified himself as a police officer. According to the officers, Scott opened the door, holding a long gun pointed at them. Officer Henrich fired a shot that missed Scott. Officer Flamand, mistakenly believing that Scott had fired at them, fired four shots at Scott, one of which killed him.

John Scott's wife, Doris Scott, brought an action in the United States District Court, alleging violations of John's constitutional rights under 42 U.S.C. 1983 (1982), as well as state law negligence claims for wrongful death and survivorship. After the initial discovery was completed, the defendants moved for summary judgement. United States District Judge Paul Hatfield took the motions for summary judgment under advisement, but allowed Scott sixty days to engage in further discovery limited to the issue of the reasonableness of the officers' conduct. Subsequently, Judge Hatfield granted the defendants summary judgment on the 1983 claims, but refused to exercise jurisdiction on the pendent state law negligence claims. Scott appealed and then filed this action in state court. The Second Judicial District Court, Silver Bow County, stayed the state court proceedings pending resolution of the 1983 action in the federal court.

On November 2, 1994, the Ninth Circuit Court of Appeals affirmed the summary

judgment granted by Judge Hatfield.  The Ninth Circuit's opinion did not address Judge
Hatfield's disposition of the state law negligence claims.  Scott appealed the Ninth
Circuit's  decision to the United States Supreme Court, which denied certiorari on June
26, 1996.

After the federal claims were disposed of, the defendants next moved the state
district court for summary judgment.  The defendants argued that they were entitled to
summary judgment on the theories of res judicata or collateral estoppel.  Scott countered
that the federal district court did not decide her state law negligence claims and therefore
she should be allowed to proceed in state court.  The District Court granted the
defendants summary judgement, ruling that the issues raised before it in state court were
identical to the issues decided in the federal court proceedings, so res judicata was
appropriate.  The court focused upon the Ninth Circuit Court's opinion which affirmed
the federal district court's finding that the officers' conduct was objectively reasonable.
The District Court noted that the Ninth Circuit Court of Appeals decided that the
defendants did not breach their duty to John Scott and their conduct was reasonable and
proper.  Without a breach of duty, plaintiff's negligence claims fail and the defendants
are entitled to summary judgment.

Scott appeals from the order and the judgement granting the defendants' motion
for summary judgment.

DISCUSSION

Did the District Court err in granting summary judgment against Doris Scott on
her state law negligence claims for wrongful death and survivorship on the grounds of
res judicata?

Summary judgment is proper when no genuine issues of material fact exist and the
moving party is entitled to judgment as a matter of law.  Rule 56(c), M.R.Civ.P.  We
review a district court's grant of summary judgment de novo, applying the same Rule
56(c), M.R.Civ.P., criteria used by that court.  In re Estate of Lien (1995), 270 Mont.
295, 298, 892 P.2d 530, 532.  Such a review requires that we first determine whether
the moving party met its burden of establishing both the absence of genuine issues of
material fact and entitlement to judgment as a matter of law.  See Estate of Lien, 270
Mont. at 298, 892 P.2d at 532.

The doctrine of res judicata prevents a party from re-litigating a matter that the
party has already had an opportunity to litigate.  Hollister v. Forsythe (1996), 277 Mont.
23, 918 P.2d 665; Loney v. Milodragovich, Dale & Dye, P.C. (1995), 273 Mont. 506,
510, 905 P.2d 158, 161.  It is based on the public policy that there must be some end to
litigation.  Wellman v. Wellman (1983), 205 Mont. 504, 508, 668 P.2d 1060, 1062.  A
claim is res judicata when four criteria are met--the parties or their privies are the same;

the subject matter of the claim is the same; the issues are the same and relate to the same subject matter; and the capacities of the persons are the same in reference to the subject matter and the issues. Greenwood v. Steve Nelson Trucking, Inc. (1995), 270 Mont. 216, 219, 890 P.2d 765, 767.

Respondents contend that Scott's state law negligence claims are barred by the doctrine of res judicata and the District Court's grant of summary judgment was entirely proper. They offer the following analysis. First, the parties are the same in both actions. Second, the subject matter is also the same; both actions are based on the officers' conduct that led to the shooting of John Scott. Third, the issue in Scott's state court action is identical to the issue previously raised and decided by the federal court, the reasonableness of the officers' conduct. Finally, the capacity of the parties involved has not changed in relation to the subject matter and the issues in litigation.

However, Scott argues that the issue litigated in the federal court is not identical to the issue in the state action, and therefore, the third requirement necessary for the application of res judicata has not been met. Scott points out that the federal courts only addressed whether the officers acted reasonably within the meaning of the Fourth Amendment of the United States Constitution in the context of Scott's 1983 claims and the officers' claim of qualified immunity. Scott points out that the federal courts did not address whether the officers acted in a negligent fashion under Montana substantive law. Scott contends that she has not had the opportunity to litigate her state law negligence claims because those claims were severed from the federal proceedings at Judge Hatfield's discretion on the basis of subject matter jurisdiction.

In granting summary judgment for the respondents, the District Court ruled as a matter of law that Scott's state law negligence claims were barred by res judicata. The District Court framed the issue as whether or not the officers and the law enforcement agencies had breached their duty to John Scott. The District Court relied on the Ninth Circuit's decision that the officers did not breach their duty and their conduct was reasonable and proper. The District Court evaluated Scott's state law negligence claims and determined that the issue was decided by a final judgment in federal court. Because Scott was allowed to litigate the reasonableness of the officers' conduct in federal court, the District Court ruled that it was bound by res judicata and adopted the federal court's

decision, finding that the officers' conduct was reasonable.

At first glance this case may seem like a proper candidate for summary disposition on the basis of res judicata. The United States District Court's opinions, as well as the Ninth Circuit's subsequent opinion, repeatedly characterized the officers' conduct as "objectively reasonable" under the circumstances. If the officers had been found to have acted in an "objectively reasonable" manner by the federal courts, how can this same conduct violate the standards of negligence required for a finding of liability in the state court? A closer analysis of the federal and state court actions, however, leads us to the conclusion that it would be improper to deny the plaintiff the opportunity to litigate her state court claims on the basis of res judicata.

Judge Hatfield first addressed Scott's 1983 claims in 1988. See Scott v. Henrich (D. Mont. 1988), 700 F. Supp. 498. Interestingly, the plaintiff had originally pled her civil rights action in the United States District Court under ordinary negligence standards. This prompted the defendants to move for summary judgment. In response to the defendants' motion for summary judgement, the plaintiff sought leave of court to amend her complaint, substituting her allegations of ordinary negligence with gross negligence. Judge Hatfield allowed Scott to amend, noting that allegations of simple negligence would be insufficient to state a claim cognizable under 42 U.S.C. 1983. In Daniels v. Williams (1986), 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662, the United States Supreme Court held that a finding of mere negligence will not give rise to a claim for the deprivation of constitutional rights under 42 U.S.C. 1983. Judge Hatfield noted that since the Daniels decision the Ninth Circuit has followed earlier case law holding that the Due Process Clause of the United States Constitution can be implicated by conduct of state officials amounting to "recklessness," "gross negligence," or "deliberate indifference." See Wood v. Ostrander (9th Cir. 1988), 851 F.2d 1212, 1214; Bergquist v. County of Cochise (9th Cir. 1986), 806 F.2d 1364, 1370.

Therefore, it is clear that the conduct under scrutiny in the federal case was not evaluated under ordinary negligence principles, but rather under gross negligence standards which are required in order to sustain a claim under 1983. What is confusing, however, is that claims such as this, where it is alleged that law enforcement officers used excessive force in an arrest, investigatory stop, or seizure, are analyzed under the Fourth Amendment and its "reasonableness" standard. Graham v. Conner (1989), 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443. Judge Hatfield and the

Ninth Circuit ultimately exonerated the police officers from the 1983 claims by concluding that their conduct when facing the exigent circumstances of having a rifle pointed at them was "objectively reasonable." Yet it is important to note that the federal
court never addressed or considered the simple negligence claims under Montana substantive law. Again, Judge Hatfield's opinion is instructive on this issue:

Perhaps a more prudent course of procedure would have prevented the death of John Scott. Nonetheless, the fact a necessarily instantaneous decision by a police officer is not, in hindsight, the best, does not serve to elevate negligence to a constitutional plane. Any malfeasance that may be attributed to the conduct of Officers Henrich and Flamand does not rise to the level of "gross" negligence essential to a claim for deprivation of constitutional rights under 42 U.S.C. 1983. Whether Officers Henrich and Flamand acted in a negligent fashion is, of course, an issue properly left to the trier of fact.

Scott v. Henrich (January 3, 1991), No. CV-87-003-BU at p. 10 (Memorandum and Order).

Judge Hatfield's ruling was subsequently affirmed, in its entirety, by the Ninth Circuit Court of Appeals. Nowhere in its decision does the Ninth Circuit demonstrate an intention to reverse Judge Hatfield or direct a resolution of Scott's negligence claims.
In fact, at the time the Ninth Circuit ruled, Scott's negligence claims were not even before that court. Judge Hatfield had dismissed the negligence claims, without prejudice,
for lack of federal jurisdiction, and those claims had been refiled in Montana district
court.

Thus, the Ninth Circuit's decision only addressed Scott's 1983 claims. Both Judge Hatfield and the Ninth Circuit ruled that the officers acted reasonably, within the
meaning of the Fourth Amendment, for the purposes of Scott's 1983 claims. As stated
above, in finding that the officers acted reasonably, both federal courts ruled that the
officers' conduct did not rise to the level of gross negligence required for a finding of
deprivation of John Scott's constitutional rights under 42 U.S.C. 1983. The federal
courts did not decide whether the officers' conduct was negligent under Montana substantive law.

As discussed above, the United States District Court ruled that the officers' conduct did not rise to the level of gross negligence required for a finding of deprivation
of constitutional rights under 42 U.S.C. 1983. However, in her state court action, Scott is not required to prove that the officers' conduct was grossly negligent to prevail
on her claims. Scott must only prove that the officers' conduct was negligent in her state
court action. The traditional standard of negligence, as defined under Montana law, is
"conduct of a reasonable and prudent person under the circumstances." Abernathy v.

Eline Oilfield Services, Inc. (1982), 200 Mont. 205, 211, 650 P.2d 772, 775. In this case, the federal court's finding that the officers' conduct was reasonable as to defeat Scott's 1983 claims may not act on the basis of res judicata to bar a finding in state district court that the officers' same conduct might be unreasonable in an action for a state law negligence claim.

Furthermore, although both the United States District Court and the Ninth Circuit concluded that the officers acted reasonably within the meaning of the Fourth Amendment, for purposes of Scott's 1983 claims, that ruling has no preclusive effect on Scott's negligence claims because the federal courts had specifically ceded jurisdiction over the negligence claims to the state courts of Montana. If the federal court had intended by its ruling to bar litigation of Scott's negligence claims, it could have granted summary judgment on those claims when it granted summary judgment on Scott's 1983 claims.

This Court concludes that Scott's negligence claims for wrongful death and survivorship, based on Montana state law, are not barred by res judicata. Judge Hatfield's decision granting summary judgment on Scott's 1983 claims, and the subsequent Ninth Circuit decision which affirmed his ruling in its entirety, do not operate to bar Scott's negligence claims based on res judicata.

We reverse and remand to the District Court.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE
/S/ JAMES C. NELSON
/S/ WILLIAM E. HUNT, SR.
/S/ W. WILLIAM LEAPHART