No. 98-407

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 66N

_____

FARMERS STATE BANK, INC.,

A Montana Corporation,

Plaintiff and Respondent,

OPINION

v. AND

ORDER

RICHARD E. WILSON,

SHIRLEY A. WILSON, ET AL.,

Defendants and Appellants.

_____

APPEAL FROM: District Court of the Tenth Judicial District,

No

In and for the County of Fergus,

The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Richard Earl Wilson, Denton, Montana (pro se)

For Respondent:

James L. Stogsdill, Lewistown, Montana

Submitted on Briefs: November 5, 1998

Decided: April 1, 1999

Filed:

_____

Justice William E. Hunt, Sr. delivered the Opinion and Order of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. This is the latest appeal in a series of attempts by Richard and Shirley Wilson (the Wilsons) to seek review of the default judgment entered against them by the Tenth Judicial District Court, Fergus County, and review of Judge Christensen's refusal to recuse himself in deciding that action. In this latest appeal, the Wilsons challenge the July 14, 1998 order of the District Court denying their motion to vacate and set aside the judgment entered in Cause No. DV-96-83 and refusing to permit them to file any further pleadings or documents related to Cause No. DV-96-83. The Wilsons request this Court to reverse the District Court's order based on allegations of judicial bias, fraud, collusion, perjury, subornation of perjury, and the concealment of material facts.**

**¶3. Every issue raised in this appeal has previously been considered by this Court. *See* Wilson v. Montana Tenth Judicial Dist. Court, No. 97-198 (April 17, 1997); Wilson v. Montana Tenth Judicial Dist. Court, No. 97-370 (August 12, 1997). The doctrine of *res judicata* bars consideration of issues that were litigated, or that a party had an opportunity to litigate, in a court of competent jurisdiction which rendered final judgment. Greenwood v. Steve Nelson Trucking Inc. (1995), 270 Mont. 216, 219-20, 890 P.2d 765, 767. Further, in our order dated August 12, 1997, we specifically stated, "Wilson is precluded by the doctrine of *res judicata* from relitigating any issues related to either Cause No. DV-96-83 or Cause No. DV-97-7." Pursuant to Greenwood and our August 12, 1997 order, the Wilsons are precluded from relitigating the issues in this appeal.**

¶4. We reject the Wilsons' claim that the allegation of fraud is "newly discovered" and, therefore, removed from the doctrine of *res judicata.* The allegation is based on the alleged concealment by Farmers State Bank and the District Court of two separate payment offers allegedly tendered in 1980 and 1982. The fact that the Wilsons could not locate certain legal texts in "distant archives" does not make these offers newly discovered. No facts appear of record to support the Wilsons' claim that "fraudulent banking practices" prevented them from knowing of the offers. The Wilsons had ample opportunity to research and assert all claims arising out of the foreclosure of and ejection from their property.

¶5. In Wilson v. Montana Tenth Judicial Dist. Court, No. 97-370 (August 12, 1997), this Court imposed sanctions against the Wilsons, pursuant to Rule 32, M.R.App.P., requiring them to pay $1000 to each of the two Respondents in that case. The imposition of sanctions was based on the Wilsons' conscious choice "to proceed with actions that have no merit other than to exhaust judicial time and resources." We concluded that the Wilsons had abused the judicial process in filing their petition for mandamus without substantial or reasonable grounds. To date, the Wilsons have not complied with our order imposing sanctions.

¶6. As before, the present appeal is not a legitimate attempt to defend rights and interests, but rather another attempt to exhaust judicial time and resources. This appeal was taken without substantial or reasonable grounds. Therefore, pursuant to Rule 32, M.R.App.P., we again impose sanctions against the Wilsons. The Wilsons are hereby ordered to pay damages in the sum of $1000 to the Respondent Farmers State Bank. This assessment is in addition to the assessment in our opinion of Wilson v. Montana Tenth Judicial Dist. Court, No. 97-370 (August 12, 1997), and is intended to compensate Farmers State Bank in some measure for its attorney fees and costs associated with this matter. The Wilsons shall pay these damages to Farmers State Bank within thirty days of the issuance of this opinion and order.

¶7. It is further ordered that the Clerk of the Tenth Judicial District Court shall enter and docket a judgment in favor of Farmers State Bank and against the Wilsons in the amount of $1000 in accordance with paragraph six of this opinion and order.

¶8. It is further ordered that the Clerk of this Court shall not accept any further appeals from Richard E. Wilson and Shirley A. Wilson in this matter.

**¶9. The Clerk of this Court is directed to mail a true and correct copy of this opinion and order to all parties of record and to the Clerk of the Tenth Judicial District Court.**

**¶10. Affirmed.**

DATED this 1st day of April, 1999.


/S/ WILLIAM E. HUNT, SR.


We Concur:


/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART