CHIEF JUSTICE GRAY,
dissenting.
¶21 I respectfully dissent from the Court’s opinion. The District Court did not convert the Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted to a motion for summary judgment without notice. Indeed, it properly entered its order granting the defendants’ motion to dismiss based on the res judicata bar to the availability of relief in this case.
¶22 I agree entirely with the standard of review stated by the Court and with the long-established principle that, in considering a Rule 12(b)(6) motion, all well-pleaded allegations of fact in the complaint must be taken as true. I also agree that such a motion cannot properly be granted unless it appears the plaintiff can prove no set of facts which would entitle him to relief. Contrary to the Court’s opinion, however, our case law is clear that res judicata-which necessarily includes review of matters outside the complaint-can serve as a legal bar to well-pleaded allegations taken as true. We have so held in at least two cases, only one of which the Court addresses and erroneously distinguishes.
¶23 Glickman is a 1998 decision which is addressed in the Court’s opinion. There, we defined the doctrine of res judicata as “preventing] a party from re-litigating a matter that the party has already had an opportunity to litigate. It is based on the public policy that there must be some end to litigation.” When the four res judicata criteria are met — an issue not before us in the present case — a claim is res judicata. We ultimately held that res judicata barred Glickman’s claim and affirmed the district court’s grant of the defendants’ Rule 12(b)(6) *420 motion on that basis. See Glickman, ¶ 21. In other words, because Glickman had had an earlier opportunity to litigate his claim, his claim was barred as a matter of law because no relief could be granted.
¶24 The Court attempts to distinguish the present case from Glickman on the basis that, in that case, the plaintiffs complaint was a collateral attack on a prior judgment, while in this case Plouffe makes factual allegations of tortious conduct by the defendants. This is a distinction without a difference. The critical point is that Plouffe’s allegations of tortious conduct were previously litigated, with an outcome adverse to him. Thus, this case also is a collateral attack on an earlier judgment in which Plouffe had made-as the District Court stated-“verbatim” allegations against the defendants. Consequently, pursuant to Glickman, res judicata is a proper basis for a motion to dismiss for lack of available relief and, as in Glickman, the District Court in the present case properly premised its grant of the Rule 12(b)(6) motion to dismiss on res judicata.
¶25 Prior to Glickman and cited therein, we decided Loney v. Milodragovich, Dale & Dye, P.C. (1995), 273 Mont. 506, 905 P.2d 158. The issue before this Court was whether the trial court erred in dismissing honey’s complaint pursuant to Rule 12(b)(6) on the basis that the claim was barred by the doctrine of res judicata. Loney, 273 Mont. at 509, 905 P.2d at 160. We ultimately held that, Loney having had an opportunity to litigate his claim in an earlier proceeding, res judicata barred his raising the claim and the district court did not err in granting the motion to dismiss on res judicata grounds. Loney, 273 Mont. at 510-11, 905 P.2d at 161. In Plouffe’s case, the propriety of applying res judicata is even more clear, since the matters at issue actually were previously litigated. Again, res judicata can properly bar a claim even when well-pled allegations are taken as true.
¶26 For these reasons, it is my view that the District Court did not improperly convert the motion to dismiss to a motion for summary judgment. Indeed, no such conversion was necessary to apply the res judicata legal bar. I would conclude the District Court properly applied res judicata in the present case because, taking Plouffe’s allegations as true, no relief is available for his claims. Consequently, I would affirm the District Court’s grant of the Rule 12(b)(6) motion to dismiss and I dissent from the Court’s failure to do so.
JUSTICE RICE joins in the foregoing dissenting opinion.