No. 83-200

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

JEAN TANNIEHILL, Individually and as
guardian ad litem for ROY J. TANNIEHILL,
a minor,

                    Plaintiff and Respondent,

    -vs-

REMINGTON ARMS COMPANY, a foreign corp.,
and WAREHOUSE PAWNSHOP, INC.,

                    Defendants and Appellants.

---

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis & Clark,
               The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

            Charles Cruikshank, III, Great Falls, Montana

        For Respondent:

            A. Lance Tonn; Lucas & Monaghan, Miles City, Montana
            Charles A. Smith; Smith Law Firm, Helena, Montana

---

                        Submitted on Briefs:  September 29, 1983

                            Decided:  January 17, 1984

Filed:  7

_Ethel M. Harrison_
_____
                Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Counsel for appellant Warehouse Pawnshop, Inc., filed a motion for a change of venue in an action for strict liability in tort for personal injuries allegedly sustained by a minor plaintiff as a result of the accidental discharge of a defective rifle. The motion for change of venue was filed November 17, 1982, and a brief in support of the motion was filed November 24, 1982. The motion was denied for failure to file a supporting brief within the time limits allowed by Rule II of the Uniform Rules for District Courts of Montana. We reverse and remand to the District Court.

The issues raised by appellant and respondent are as follows:

1. Whether the appeal is timely filed.

2. Whether the District Court erred in entering a summary ruling denying appellant's motion for change of venue due to its failure to timely file a supporting brief pursuant to Rule II, Uniform Rules for District Courts of Montana.

3. Whether Lewis and Clark County, the place where the injury occurred, is the proper venue in a strict liability in tort action.

I

The first issue is whether this Court has jurisdiction to hear this appeal. Respondent contends that the order denying the motion was entered December 8, 1982, and the notice of appeal was not filed until April 25, 1983. Since the elapsed time between the two dates exceeds thirty days, respondent contends that the appeal was not timely filed and therefore this Court has no jurisdiction.

2

Respondent is correct that there is a thirty-day rule for filing of an appeal. However, Rule 5, M.R.App.Civ.P., provides that "[t]he time within which an appeal from a judgment or an order must be taken shall be thirty days from the entry thereof, except that in cases where service of notice of entry of judgment is required by Rule 77(d) of the Montana Rules of Civil Procedure the time shall be 30 days from the service of notice of entry of judgment . . ." (Emphasis added.) Rule 77(d), M.R.Civ.P., provides that "[i]mmediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail . . . upon each party . . ." Clearly, this order denying appellant's motion for a change of venue comes under Rule 77(d), M.R.Civ.P., and therefore requires notice by the clerk. Here, notice of the denial of its motion was not given to appellant until April 4, 1983. Consequently, appellant's notice of appeal filed on April 25, 1983, was timely and this Court has jurisdiction to hear this appeal.

II

The second issue to be addressed is whether the District Court erred in entering a summary ruling denying appellant's motion for change of venue due to its failure to timely file a supporting brief pursuant to Rule II, Uniform Rules for District Courts of Montana.

Rule II provides that: "1. Upon serving and filing a motion under Rule 12, M.R.Civ.P., or within five days thereafter, the moving party shall serve and file a brief." Appellant filed his motion on Wednesday, November 17, 1982, and his brief Wednesday, November 24, 1982. Rule 6(a), M.R.Civ.P., states that ". . . When the period of time

3

prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and holidays shall be excluded in the computation." Rule 6(a) also states that in computing any period of time prescribed or allowed by the rules that the day of the act or event is not included but the last day of this period is included. Therefore, under Rule 6(a), Wednesday, November 17, is not included in the calculation, nor are Saturday and Sunday, November 20 and 21. Considering these exclusions, appellant's brief was timely filed on the fifth day, Wednesday, November 24.

Consequently, we reverse the order of the District Court denying the motion for change of venue for failure to timely file a supporting brief.


### III

The third issue is whether Lewis and Clark County, the place whether the injury occurred, is the proper venue in a strict liability in tort action.

We decline to rule on this issue because due to the summary dismissal of the motion, respondent has not had an opportunity to brief and argue his position. Therefore, we remand to the District Court for consideration of this issue on its merits.

_____
Chief Justice

4

We concur:

_John Conway Harrison_

_L.C. Gulbrandson._

_John C. Sheehy_
Justices

Mr. Justice Frank B. Morrison, Jr. dissents as follows:

The proper venue for this tort action is in Lewis and Clark County, the county where the accident occurred. No amount of briefing can change this result. Therefore, I would affirm the trial court and deny appellant's motion for change of venue.

Justice