No. 99-423

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 320

297 Mont. 282

993 P.2d 663

---

CHARLES S. ("CHUCK") BRAGG, JR.,

and PATRICIA S. BRAGG, husband and wife,

Plaintiffs and Respondents,

v.

WILLIAM D. McLAUGHLIN, and

SONJA INDRELAND McLAUGHLIN,

husband and wife,

Defendants and Appellants.

---

APPEAL FROM: District Court of the Sixth Judicial District,

In and for the County of Park,

The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

William D. McLaughlin and Sonja Indeland McLauglin, Pro Se;

Wilsall, Montana

For Respondents:

Joseph T. Swindlehurst, Huppert & Swindlehurst, P.C.;

Livingston, Montana

_____

Submitted on Briefs: November 18, 1999

Decided: December 22, 1999

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

1. ¶ The Plaintiffs Chuck and Patricia Bragg, brought this action in the District Court for the Sixth Judicial District in Park County alleging interference with their easement. The District Court entered judgment for the Plaintiffs and awarded punitive damages to the Plaintiffs. Following a protracted procedural history, the Defendants William and Sonja McLaughlin filed a Rule 60(b), M.R.Civ.P. motion for relief from judgment alleging that the District Court's judgment was void for lack of jurisdiction. The District Court denied the Defendants' motion. Defendants appeal that denial. We affirm the order of the District Court.

2. ¶ Although a number of issues are raised by the Defendants on appeal, we find the following issues dispositive:

3. ¶ 1. Did the District Court abuse its discretion when it dismissed the Defendants' Rule 60(b) motion for relief from judgment?

4. ¶ 2. Should sanctions be imposed against the Defendants for filing a frivolous appeal?

## FACTUAL BACKGROUND

5. ¶ The Braggs filed a complaint against the McLaughlins on June 29, 1994, to quiet title to an easement across property belonging to the McLaughlins, to enjoin the McLaughlins from further interference with the Braggs' use and enjoyment of the easement, and for an award of compensatory and punitive damages for slander of the Braggs' title to the easement and real property.

6. ¶ On September 21, 1994, the District Court entered a preliminary injunction against the McLaughlins. The McLaughlins appealed the preliminary injunction to this Court. In *Bragg v. McLaughlin I* (1995), Supreme Court Cause No. 94-591, a noncite opinion, we upheld the preliminary injunction.

7. ¶ A bench trial was then held and judgment entered in favor of the Braggs on May 31, 1996. The McLaughlins appealed the judgment to this Court. In *Bragg v. McLaughlin II* (1997), Supreme Court Cause No. 96-512, a noncite opinion, the judgment was affirmed in part, reversed in part, and remanded to the District Court on August 28, 1997, for reconsideration of the award of punitive damages pursuant to the provisions of § 27-1-221(7)(b), MCA. After remand, the District Court scheduled a conference for November 13, 1997, at which to set a hearing date on the issue of punitive damages. Both parties were notified. However, when the conference occurred the McLaughlins did not attend.

8. ¶ On January 30, 1998, the District Court conducted an evidentiary hearing to consider the issue of punitive damages. The McLaughlins did not attend this hearing. Following the hearing, the District Court entered judgment against the McLaughlins for punitive damages in the amount of $60,000. The McLaughlins appealed the punitive damage award to this Court. On November 24, 1998, in *Bragg v. McLaughlin III* (1998), Supreme Court Cause No. 98-315, a noncite opinion, we affirmed the District Court's judgment for punitive damages.

9. ¶ On December 10, 1998, the McLaughlins appealed the District Court's findings of fact and conclusions of law and judgment after remand. In Supreme Court Cause No. 98-699, an Order was entered on January 7, 1999, dismissing that appeal for failure to timely appeal pursuant to Rule 5(a) of the Montana Rules of Appellate Procedure.

10. ¶ On March 19, 1999, the McLaughlins filed a Rule 60(b), M.R.Civ.P. motion for relief from judgment with the District Court alleging that the District Court's judgment was void and without legal effect. On April 26, 1999, the District Court denied the McLaughlins' motion for relief from judgment and prohibited further filings by the McLaughlins without prior leave of court. The McLaughlins are presently before this Court to appeal the District Court's denial of their Rule 60(b) motion for relief from judgment.

## STANDARD OF REVIEW

11. ¶ The appropriate standard of review is whether the District Court abused its discretion when it denied the motion to alter or amend its judgment. *See Ulrigg v. Jones* (1995), 274 Mont. 215, 219, 907 P.2d 937, 940.

## DISCUSSION

## ISSUE 1

12. ¶ Did the District Court abuse its discretion when it dismissed the Defendants' Rule 60(b) motion for relief from judgment?

13. ¶ The McLaughlins' brief raises 14 different reasons why the District Court's judgment after remand is void. The thrust of the McLaughlins' argument, however, is that the District Court failed to follow the statutory law with regard to awarding punitive damages, pursuant to §§ 27-1-220, -221, and 27-8-313, MCA. The Plaintiffs respond that the McLaughlins' arguments are barred by the doctrine of res judicata. The Plaintiffs are correct.

14. ¶ The District Court denied the McLaughlins' Rule 60(b), M.R.Civ.P. motion for relief from judgment, stating: "[t]he issues raised by the motion have been appealed not once, not twice, but three times to the Montana Supreme Court and affirmed by the Appellate Court. Defendants' present motion is dilatory in nature and without substance in law or fact."

15. ¶ The doctrine of res judicata prevents a party from relitigating a matter that the party has already had an opportunity to litigate. *Loney v. Milodragovich, Dale & Dye, P.C.* (1995), 273 Mont. 506, 510, 905 P.2d 158, 161. Res judicata is based on the public policy that there must be some end to litigation. *Loney*, 273 Mont. at 510, 905 P.2d at 161. The doctrine of res judicata stands for the proposition that a final judgment on the merits by a court of competent jurisdiction is conclusive as to

causes of action or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. *State ex rel. Harlem Irrigation Dist. v. Montana Seventeenth Judicial Dist. Court* (1995), 271 Mont. 129, 132, 894 P.2d 943, 944_45.

16. ¶ A claim is res judicata when four criteria are met: the parties or their privies are the same; the subject matter of the claim is the same; the issues are the same and relate to the same subject matter; and the capacities of the persons are the same in reference to the subject matter and the issues. *Loney*, 273 Mont. at 511, 905 P.2d at 161. The most important of the four criteria for res judicata is the identity of issues. *Marriage of Blair* (1995), 271 Mont. 196, 203, 894 P.2d 958, 963.

17. ¶ The McLaughlins' District Court motion is based solely on Rule 60(b)(4) of the Montana Rules of Civil Procedure which provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .

(4) the judgment is void . . . .

It is a general principle that when a court has jurisdiction over the person and the subject matter, and the judgment rendered is not in excess of the jurisdiction or power of the court, no error or irregularity can make the judgment void. *See* 46 Am. Jur. 2d *Judgments* § 14.

18. ¶ In *Bragg v. McLaughlin II* (1997), Supreme Court Cause No. 96-512, a noncite opinion, we held that "the District Court did have subject matter jurisdiction over this cause of action." In *Bragg v. McLaughlin III* (1998), Supreme Court Cause No. 98-315, a noncite opinion, this Court stated as follows:

The McLaughlins' second argument for striking the District Court's post-remand judgment is that the District Court lacked personal jurisdiction over them, because the lower court failed to personally serve them with a show cause order required under § 27-8-313, MCA. This argument also fails because, as we have previously discussed, the District Court was under no obligation to issue a show cause order under § 27-8-313, MCA, in order to bring the pending issue of punitive damages to

its final resolution at the trial level. Moreover, the McLaughlins' related contention that the evidentiary hearing was improperly held *ex parte*, as a result of the lack of personal service of process is an equally faulty statement of the law for the same reason.

19. ¶ Additionally, we have previously addressed the issue of the authority of the District Court to award punitive damages to the Plaintiffs in this case. In *Bragg v. McLaughlin II* (1997), Supreme Court Cause No. 96-512, a noncite opinion, we held that "the District Court erred in awarding punitive damages to the Braggs without complying with the statute and we remand[ed] to the District Court for reconsideration of punitive damages in light of the requirements of § 27-1-221(7)(b), MCA." Section 27-1-221(7)(b), MCA, requires that the District Court "clearly state the reasons for making the [punitive damages] award in findings of fact and conclusions of law," demonstrating its consideration of nine specific criteria. We did not hold, as the McLaughlins contend, that the District Court's award of punitive damages was not proper in this type of action.

20. ¶ Following our instructions after remand, the District Court entered its judgment, setting forth findings of fact and conclusions of law, demonstrating the District Court's consideration of the nine specific criteria pursuant to § 27-1-221(7)(b), MCA. The McLaughlins then filed a motion pursuant to Rule 59(g), M.R.Civ.P. to alter or amend the judgment entered after remand. In *Bragg v. McLaughlin III* (1998), Supreme Court Cause No. 98-315, a noncite opinion, we upheld the District Court's denial of the McLaughlins' motion to rescind the entry of the judgment after remand in which the District Court awarded $60,000 in punitive damages to the Plaintiffs. In that appeal, the McLaughlins argued essentially the same issues that they argue in this appeal.

21. ¶ Moreover, the arguments that the McLaughlins did not specifically make in their previous appeals regarding the validity of the District Court's punitive damages award are also barred by the doctrine of res judicata. The doctrine of res judicata bars not only issues which were previously litigated, but also issues which could have been litigated in the prior proceeding. *Hollister v. Forsythe* (1996), 277 Mont. 23, 27, 918 P.2d 665, 667. In *Wellman v. Wellman* (1982), 198 Mont. 42, 45-46, 643 P.2d 573, 575, we stated the following:

Once there has been full opportunity to present an issue for judicial decision in a given proceeding . . . *the determination of the court in that proceeding must be accorded finality as to all issues raised or which fairly could have been raised,* else

judgments might be attacked piecemeal and without end.

(Emphasis added.)

22. ¶ In *Searight v. Cimino* (1989), 238 Mont. 218, 222, 777 P.2d 335, 337, we stated:

In the present case, appellants had the same opportunity to raise the voidness issue when Mr. Cimino first filed his motion to cause execution of an airport easement. They did in fact object to the District Court's ability to enforce an easement under Rule 70, M.R.Civ.P., in their motion to alter or amend the judgment following disposition of the easement issue. They further raised the specific issue of lack of subject matter jurisdiction in their Petition for Rehearing after this Court's opinion in the matter. *Because the substance of appellants' challenge to the District Court's actions has remained the same, it is apparent they are merely attempting to relitigate issues which have already been decided by invoking different labels by which to contest the proceedings, one of which is subject matter jurisdiction. We will not allow appellants' characterization of their claim to hinder application of the doctrine of res judicata, and the prevention of protracted litigation.*

(Emphasis added.)

23. ¶ In the present case, the McLaughlins had ample opportunity to appeal all aspects of the punitive damages award in their previous appeal, *Bragg v. McLaughlin III* (1998), Supreme Court Cause No. 98-315, a noncite opinion, in which they appealed the denial of their motion to rescind entry of the judgment after remand. Accordingly, the doctrine of res judicata applies and bars the McLaughlins from arguing anything further regarding the validity of that judgment.

24. ¶ Because all of the issues raised by the McLaughlins in their Rule 60(b), M.R.Civ. P. motion are barred by the doctrine of res judicata, we conclude that the District Court did not abuse its discretion when it denied the McLaughlins' motion for relief from judgment pursuant to Rule 60(b), M.R.Civ.P.

## ISSUE 2

25. ¶ Should sanctions be imposed against the McLaughlins for filing a frivolous appeal?

26. ¶ As a final matter, the Plaintiffs request the imposition of sanctions against the

McLaughlins pursuant to Rule 32, M.R.App.P., which provides the following:

> If the supreme court is satisfied from the record and the presentation of the appeal in a civil case that the same was taken without substantial or reasonable grounds, such damages may be assessed on determination thereof as under the circumstances are deemed proper.

27. ¶ Throughout the course of this lengthy dispute, the McLaughlins have displayed significant disdain for the integrity of the judicial process. The McLaughlins have appealed to this Court five times and presented repetitious issues; including the punitive damage issue.

28. ¶ It is important for the sake of the litigants and for the judicial system that litigation will at some time finally end. *Tipp v. Skjelset,* 1998 MT 263, ¶ 28, 291 Mont. 288, ¶ 28, 967 P.2d 787, ¶ 28. Moreover, this Court is burdened by a heavy volume of business and the problem is needlessly aggravated when frivolous appeals are taken. *CNA Ins. Co. v. Dunn* (1995), 273 Mont. 295, 302, 902 P.2d 1014, 1018.

29. ¶ We conclude that this appeal was taken without substantial or reasonable grounds. We further conclude that this is a proper case in which to impose sanctions for a frivolous appeal pursuant to Rule 32, M.R.App.P., and we, therefore, remand to the District Court for a determination of the Plaintiffs' reasonable costs and attorney fees incurred on appeal. That amount should be added to the Plaintiffs' judgment against the Defendants.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ JIM REGNIER