No. 03-586

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 207N

TERRY BOSTON,

        Plaintiff, Respondent and Cross-Appellant,

    v.

BITTERROOT INTERNATIONAL SYSTEMS,
INC., BITTERROOT INTERNATIONAL SYSTEMS,
LTD., and SEA TRUCKING, INC.,

        Defendants, Appellants and Cross-Respondents.

APPEAL FROM:    The District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 2001-316,
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Edward A. Murphy, Datsopoulos, MacDonald & Lind, P.C.,
                Missoula, Montana

        For Respondent:

                David C. Berkoff, Garlington, Lohn & Robinson, PLLP,
                Missoula, Montana

Submitted on Briefs:  July 14, 2004

Decided:  August 23, 2005

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of non-citable cases issued by this Court.

¶2 Bitterroot International Systems, Inc., a Montana corporation, and Bitterroot International Systems, Ltd., and Sea Trucking, Inc., Canadian and Wyoming corporate subsidiaries, respectively, of Bitterroot International Systems, Inc. (collectively, BIS or the Appellants), appeal from the deemed denial of their motion, filed following a jury trial in the Fourth Judicial District Court, Missoula County, to re-determine the damages which the District Court awarded to the Plaintiff. Terry Boston (Boston) cross-appeals, challenging the District Court's denial of his motion for summary judgment on his claim under the Fair Labor Standards Act (FLSA).[1] We affirm.

¶3 We address the following issues on appeal:

¶4 1. Did the District Court err in allowing BIS's post-trial motion for re-determination of damages to be deemed denied pursuant to Rule 59(d), M.R.Civ.P.?

---

[1]Title 29, section 216, of the United States Code grants jurisdiction to both the State and Federal courts over causes of action which arise under FLSA. 29 U.S.C. § 216(a), (b); 29 U.S.C. § 215(a)(2).

¶5    2. Did the District Court err in denying Boston's motion for partial summary judgment?

FACTUAL AND PROCEDURAL BACKGROUND

¶6    BIS is a trucking company; it generates revenue by moving freight. BIS hired Boston as a weekend dispatcher in 1998. On November 1, 1999, it promoted Boston to the position of load planner.

¶7    In the fall of 2000, Boston suffered a shoulder injury which required in-patient surgical repair. He was absent from work for several weeks longer than his physicians had originally anticipated, and during this period was unable to perform his job. On January 26, 2001, Boston informed BIS that he would be returning to work on January 29, 2001. When he reported to work that day, he was notified that his position had been eliminated and that he was being laid off.

¶8    Boston sued BIS for violations of FLSA and of several other statutes, including the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq.*, and Montana's Wrongful Discharge From Employment Act (WDEA), §§ 39-2-901 *et seq.*, MCA. Prior to trial, Boston sought summary judgment on his FLSA claim, arguing that his employment as a load planner qualified for neither the executive nor administrative exemption from the overtime-pay requirements of the Act, as BIS had asserted. The District Court denied his motion by order entered September 11, 2002.

¶9    A jury trial was conducted from April 4 to April 8, 2003, and the jury returned a verdict awarding Boston $225,000 on his FMLA claim and $98,700 on his WDEA claim.

3

The jury held in BIS's favor on Boston's FLSA claim. The District Court entered judgment on the verdict on April 13, 2003.

¶10 On May 9, 2003, BIS filed a motion for judgment as a matter of law, for new trial and for redetermination of damages with the District Court. The motion sought entry of judgment as a matter of law on three different bases, a new trial on four bases, or, alternatively, for the District Court to "exercis[e] its equitable powers to re-determine the front-pay award[.]" BIS filed the supporting brief for all these motions on May 19, 2003.

¶11 The District Court did not rule on this motion. Accordingly, the motion was deemed denied pursuant to Rule 59(d) of the Montana Rules of Civil Procedure. *See* Rule 50(b), M.R.Civ.P. ("[m]otions provided by this subdivision shall be heard and determined within the times provided by Rule 59 for the hearing and determination of motions for new trial"). The motion to re-determine the jury award of front pay was deemed denied under Rule 59(g), M.R.Civ.P., governing motions to alter or amend a judgment.

¶12 This appeal and cross-appeal follow.

DISCUSSION

¶13 *1. Did the District Court err in allowing BIS's post-trial motion for re-determination of damages to be deemed denied pursuant to Rule 59(d), M.R.Civ.P.?*

¶14 As we have noted, the District Court did not rule on BIS's post-trial motions, and they were deemed denied pursuant to Rule 59(d), M.R.Civ.P. BIS has asked us to review only the deemed denial of the motion to alter or amend the judgment.

4

¶15    Were we to review a district court's denial of a motion to alter or amend judgment on its merits, we would do so to determine whether the district court abused its discretion. *Bragg v. McLaughlin*, 1999 MT 320, ¶ 11, 304 Mont. 114, ¶ 11, 18 P.3d 1003, ¶ 11.  Boston argues, however, that because the interval between the filing of BIS's motion and that of its supporting brief exceeds the five-day period allowed by Rule 2(b) of the Uniform District Court Rules, the motion must be considered to be without merit, and we should refuse BIS's request that we review the District Court's deemed denial thereof.  We agree.

¶16    Rule 2(a) of the Montana Uniform District Court Rules provides: "Upon filing a motion or within five days thereafter, the moving party *shall* file a brief" (emphasis added). Rule 6(a) of the Montana Rules of Civil Procedure prescribes the manner in which the time limits set forth by Uniform District Court Rule 2 are to be computed.  *See* Rule 6(a), M.R.Civ.P.; *Tanniehill v. Remington Arms Co.* (1984), 207 Mont. 501, 504, 675 P.2d 948, 949.  Under Rule 6(a), M.R.Civ.P., the day on which BIS filed its motion, May 9, 2003 (a Friday), is not to be included in the computation of the five-day time limit imposed by Uniform District Court Rule 2(a) for the filing of supporting briefs.  Since the time allowed by Rule 2(a) for filing such briefs is less than 11 days, intermediate Saturdays, Sundays, and full-day legal holidays are also to be excluded from the calculation.  On the other hand, we are to include therein the last of the five days allowed, with certain exceptions not relevant to the present case.  *See* Rule 6(a), M.R.Civ.P.

5

¶17    Applying these principles, we hold that Uniform District Court Rule 2(a) required BIS to file its brief in support of the motion no later than May 16, 2003. It is undisputed that BIS filed the brief on May 19, 2003.

¶18    Rule 2(b) of the Uniform District Court Rules provides, in relevant part: "Failure to file a brief within five days by the moving party *shall* be deemed an admission that the motion is without merit" (emphasis added). In *Lumber Enterprises, Inc. v. Hansen* (1993), 257 Mont. 11, 846 P.2d 1046, we held that the appellant, by failing to abide by this rule, formally conceded the meritlessness of its motion at the district court level, and thereby waived its right to ask this Court for the relief which it had sought through the motion. *Lumber Enterprises*, 257 Mont. at 17, 846 P.2d at 1050. We now hold that BIS has made a like admission regarding its motion in the present case, and we accordingly refuse to review the deemed denial thereof.

¶19    ***2. Did the District Court err in denying Boston's motion for summary judgment?***

¶20    FLSA provides that:

> No employer shall employ any of his employees who in any workweek is engaged in commerce or in production of goods for commerce for a workweek longer than forty hours . . . unless such . . . employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(2) (1988). Section 13(a)(1) of FLSA, however, exempts from the above requirement those employees "employed in a bona fide executive, administrative, or professional capacity . . . as such terms are defined . . . by . . . the Secretary." 29 U.S.C. § 213(a)(1) (1988). The Secretary of Labor has in turn delegated this power of definition to

6

the Administrator of the Wage and Hour Division of the Department of Labor. 29 U.S.C. § 204(a) (1988); 29 C.F.R. § 541.0(a) (1990).

¶21 Section 213(a)'s exemptions from FLSA's requirements are to be narrowly construed against the employers seeking to assert them, and their application limited to those employers plainly and unmistakably within their terms and spirit. *Arnold v. Ben Kanowsky, Inc.* (1960), 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393, 396. The burden of proving these exemptions is upon the employer, and if the record is unclear as to some exemption requirement, the employer will be held not to have satisfied its burden. *Idaho Sheet Metal Works, Inc. v. Wirtz* (1966), 383 U.S. 190, 206, 86 S.Ct. 737, 747, 15 L.Ed.2d 694, 703. We review a district court's decision to grant or deny a motion for summary judgment *de novo*. *Associated Press v. Crofts,* 2004 MT 120, ¶ 11, 321 Mont. 193, ¶ 11, 89 P.3d 971, ¶ 11. Because, under the substantive law at issue, the burden of proving an exemption is shifted to the employer, the employee who claims a violation of FLSA's overtime pay requirements is entitled to summary judgment against the employer unless the latter can produce evidence which at least creates a genuine issue of material fact as to whether the employee meets each and every element of the exemption. If the employer fails to proffer such evidence, summary judgment must be granted in favor of the employee. *Martin v. Indiana-Michigan Power Co.* (6th Cir. 2004), 381 F.3d 574, 578.

¶22 In the present case, we hold that BIS raised genuine issues of material fact regarding the exemptions which it claimed were sufficient to avoid summary judgment. We therefore affirm the District Court's denial of Boston's motion for summary judgment.

7

¶23    The judgment is affirmed.


                                        /S/ JIM RICE



We Concur:


/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART