DA 06-0572

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 194N

LEN WALLACE,

      Plaintiff and Appellant,

    v.

NORMAN HAYES, MAGTRAC BOLUS PARTNERSHIP, LLC
GERALD HILL, LUCILLE HILL, JACK HEYNEMAN,
JOHN HEYNEMAN and RODNEY J. HAYES,

      Defendants, Respondents and Cross-Appellants.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
                    In and For the County of Yellowstone, Cause No. DV 01-0882
                    Honorable Gregory R. Todd, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

            Bruce F. Fain; Murphy, Kirkpatrick & Fain, Billings, Montana

      For Respondents:

            Christopher M. Brown; Darrah, Darrah & Brown, Powell,
            Wyoming (for MagTrac Bolus, LLC)

            Tom Singer; Axilon Law Group, PLLC, Billings, Montana
            (for Norman J. Hayes and Rodney J. Hayes)


                        Submitted on Briefs:  August 1, 2007

                                  Decided:  August 14, 2007

Filed:

                                Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Len Wallace (Wallace) appeals from the District Court's order denying Wallace's motion under M. R. Civ. P. 60(b) for relief from judgment, striking a satisfaction of judgment entered by Wallace, enjoining further litigation in this matter, and appointing a receiver. We affirm the District Court's order.

¶3 The present controversy follows our decision in *Wallace v. Hayes*, 2005 MT 253, 329 Mont. 23, 124 P.3d 110, in which we affirmed a judgment of $2.5 million against Wallace. Wallace then filed satisfactions of judgment, ostensibly on behalf of MagTrac Bolus, LLC (LLC), to stop execution of the judgment. Wallace's action precipitated a flurry of motions and hearings in several states, including California, Montana, South Dakota, and Wyoming.

¶4 Wallace filed his original action in 2001 in District Court naming the LLC and its other members as defendants. The District Court directed the parties to arbitrate the dispute pursuant to the LLC's operating agreement and the arbitrator entered a $2.5 million judgment against Wallace. The District Court affirmed the judgment. Wallace appealed and requested a stay of execution. The District Court granted the stay on the condition that Wallace post a

2

$3 million bond. Wallace failed to post the bond, however, and the District Court lifted the stay.

¶5     Norman Hayes (Hayes), a member of the LLC, retained counsel for the LLC in California. The LLC's California counsel perfected the judgment and proceeded to execute against Wallace's assets there. The LLC had recovered approximately $150,000 by January 2006. At that point, Wallace hired counsel admitted in Montana to appear for the LLC. Wallace's retained counsel file a satisfaction of judgment in the District Court. Wallace also managed to file a satisfaction of judgment in California to end efforts to execute the judgment there.

¶6     Hayes and the other Respondents then filed a motion in District Court to strike the satisfactions of judgment, to require Wallace's Wyoming counsel to prove his authority to represent the LLC, for injunctive relief against further litigation in this matter, and for the appointment of a receiver. Wallace moved to disqualify Montana counsel for Hayes and the other Respondents and argued that the District Court lacked jurisdiction over Hayes' motion to strike the satisfaction of judgment because Hayes had failed to file a separate action. Wallace filed a separate motion for relief from judgment under M. R. Civ. P 60(b).

¶7     The District Court held two hearings after full briefing. The first hearing addressed the issue of the court's jurisdiction to hear the present controversy. The second hearing reached the merits of the motions. No party requested an evidentiary hearing or an opportunity to present additional evidence. The District Court denied the motion to disqualify Hayes' counsel, denied Wallace's motion for relief from the judgment, determined

3

that it had jurisdiction to strike the satisfaction of judgment, struck the satisfaction of judgment, enjoined the parties from pursuing other litigation, and it appointed a receiver to enforce the judgment. Wallace appealed. The LLC did not.

¶8 Wallace argues on appeal that the District Court abused its discretion in denying his motion under M. R. Civ. P. 60(b)(5) for relief from the judgment. Wallace contends the District Court discounted Wallace's right to act as the majority owner of the LLC in having the satisfaction of judgment filed. Wallace further contends that the District Court erred in refusing to relieve him of the monetary portion of the judgment because a decision of the Circuit Court in South Dakota effectively had reversed any determination that the LLC, owned, or had any rights, in what was known as the Linseth Patent. Wallace further contends that it would be inequitable to apply the judgment because the basis of the dispute, the basis of the accounting, and the basis for the conditional award, all hinged upon the LLC's ownership of the Linseth Patent.

¶9 Wallace next contends that the District Court abused its discretion in denying him relief from the judgment under the provisions of M. R. Civ. P. 60(b)(6). Wallace argues that Hayes prevented the full presentation of the cause, or an inaccurate determination on the merits, by concealing the existence of the South Dakota court proceedings regarding the ownership of the Linseth Patent until after the Montana arbitration proceedings had concluded. Wallace argues that the arbitrator failed to consider the Linseth Patent litigation in South Dakota and its proper consideration would have changed the outcome, thereby justifying Wallace receiving relief from the judgment pursuant to M. R. Civ. P 60(b)(6).

4

Similarly, Wallace contends that the District Court erred in determining that res judicata barred Wallace's M. R. Civ. P 60(b) motion. Wallace argues that the Montana arbitrator's failure to consider the Linseth Patent litigation defeats any claim of res judicata by Hayes and the other Respondents regarding the Montana litigation.

¶10 Wallace further claims the District Court erred for two reasons in striking the satisfaction of judgment. First, Wallace contends that a party may challenge a satisfaction of judgment only through a separate independent action, rather than through post-judgment proceedings. Second, Wallace contends that res judicata and collateral estoppel barred the District Court from revisiting the issue of Wallace's control over the LLC.

¶11 Wallace next argues the District Court abused its discretion in enjoining further litigation by the parties. Wallace contends that the District Court exceeded its powers by enjoining litigation in other jurisdictions. Hayes and the other Respondents argue that the District Court enjoined the parties to this action only over whom it clearly possessed jurisdiction.

¶12 Finally, Wallace contends that the District Court abused its discretion in appointing a receiver. Wallace argues that a court cannot appoint a receiver if the "applicant has any other remedy" and argues that Hayes and the other Respondents had another remedy through an independent action to set aside the satisfaction of judgment.

¶13 We review a district court's denial of a motion for relief from judgment pursuant to an abuse of discretion standard. *Bragg v. McLaughlin*, 1999 MT 320, ¶ 11, 297 Mont. 282, ¶ 11, 993 P.2d 662, ¶ 11. A district court's decision to vacate a satisfaction of judgment

5

presents a question of law that we review to determine if it was correct. *Stringer-Altmaier v. Haffner*, 2006 MT 129, ¶ 9, 332 Mont. 293, ¶ 9, 138 P.3d 419, ¶ 9. With respect to a district court's decision to issue an injunction, we review subject to a manifest abuse of discretion standard. *Shammel v. Canyon Resources Corp.*, 2003 MT 372, ¶ 11, 319 Mont. 132, ¶ 11, 82 P.3d 312, ¶ 11. We reverse a district court's decision to issue an injunction only if the district court's abuse of discretion is "obvious, evident or unmistakable." *Shammel*, ¶ 12. Finally, we review a district court's decision to appoint a receiver under the abuse of discretion standard. *Crowley v. Valley West Water Co.*, 267 Mont. 144, 150, 882 P.2d 1022, 1025 (1994).

¶14    We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that settled Montana law clearly controls the legal issues and that the District Court correctly interpreted the law.

¶15    We affirm.

/S/ BRIAN MORRIS

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE

6