JUSTICE BAKER,
dissenting.
¶93 I agree that the District Court erred in certifying class-wide punitive damages relief under M. R. Civ. P. 23(b)(2). The Court’s attempt to preserve the class certification order is flawed, however, because it still leaves in place a class claim that cannot meet the requirements of Rule 23(b)(2).
¶94 As a preliminary matter, regarding Rule 23(a), I disagree with the Court’s statement that Wal-Mart has raised “dual questions” that require some future case for our clarification. Opinion, ¶¶ 32-33. First, no party in this case has disputed that Wal-Mart’s analysis of the commonality element of Rule 23(a)(2) imposed a heightened threshold for class certification. Second, counsel for both parties agreed during oral argument that Wal-Mart’s commonality analysis established a different standard from that used in our prior cases. We already have recognized explicitly these points. Chipman, ¶ 47. Further, we did not state in Chipman, as the Court implies (Opinion, ¶ 28 (citing Chipman, ¶ 43)), that Montana courts “are not required to march *435 lockstep with federal interpretations of Fed. R. Civ. P. 23.”While that statement in the Court’s Opinion today is not untrue, we invoked in Chipman “this Court’s long history of relying on federal jurisprudence when interpreting the class certification requirements” and did not consider the standards we had applied “prior to Wal-Mart” Mattson III, ¶ 53 (Baker, J., dissenting) (quoting Chipman, ¶¶ 47, 52). By perpetuating confusion over whether Wal-Mart changed the law-a point I do not believe is reasonably open to dispute-the Court disserves prospective class plaintiffs and defendants, as well as the district courts that seem to be called upon with increasing frequency to decide class certification issues.
¶95 Our October 2011 adoption of comprehensive amendments to the Rules of Civil Procedure, in fact, came in response to the recommendation of the Court’s Advisory Commission on the Rules of Civil and Appellate Procedure to bring more uniformity between the Montana and F ederal Rules of Civil Procedure. Rule 23 of the Montana Rules is now identical in all substantive respects with Rule 23 of the Federal Rules, with two exceptions not applicable here.[1] No party has argued that there is a legitimate basis in this case for this Court to part company with its federal counterparts on the standard for commonality. The Court should refrain from interjecting speculation that it may someday choose to do so if the right case comes along. Since the Court in any event applies the Wal-Mart commonality standard (Opinion, ¶ 50), its discussion on this point is not necessary. ¶96 Even assuming that all four factors of Rule 23(a) are met in this case, there is nonetheless a serious flaw in the Court’s analysis of Rule 23(b)(2).[2] ‘Failure to establish each requisite element of Rule 23 is fatal *436 to class certification.” Chipman, ¶ 43. The Court’s dismissal of Rule 23(b)(2)’s ‘finality’requirement not only departs from our consistent reliance on federal authorities regarding class certification, but fails to apply the language of our own rule. M. R. Civ. P. 23(b)(2), identical to its federal counterpart, provides that if Rule 23(a) is satisfied, a class action may be maintained if‘the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]” (Emphasis added.) The Court summarily rejects Allstate’s arguments about the ‘final injunctive relief’language by declaring that we ‘have not recognized a substantive ‘finality’ requirement in Rule 23(b)(2)” and suggesting that the federal cases on which Allstate relies are “not clear” that we should do so. Opinion, ¶ 69.
¶97 While this Court has not had occasion to consider the question, the history of the rule and the federal cases interpreting it leave little room for doubt as to the meaning of the ‘finality” requirement in Rule 23(b)(2). The Advisory Committee notes to subsection (b)(2) state that it was intended to reach situations where ‘final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate.” This subsection of the rule does not, however, “extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages.”Fed. R. Civ. P. 23 Advisory Committee Notes to 1966 Amendment.[3] The “corresponding declaratory relief,” likewise,
should be equivalent to an injunction.... A request for a declaration that a ... statute is unconstitutional, for example,] would qualify as “corresponding declaratory relief’ because the resulting judicial directive would have the effect of “enjoining” the enforcement of the ... statute.... On the other hand, an action seeking a declaration concerning defendant’s conduct that appears designed simply to lay the basis for a damage award rather than injunctive relief would not qualify *437 under Rule 23(b)(2).... Monetary relief that may be deemed equitable in nature or ancillary to the declaratory relief may be allowed, however.
7AA C. Wright, A. Miller, M. Kane, Federal Practice and Procedure, § 1775 at 58-60 (3d ed. 2005) (emphasis added; footnotes and citations omitted); see also Rubenstein, Newberg on Class Actions §4:31,112-13 (‘In short, declaratory relief under (b)(2) cannot simply turn a (b)(3) damages action into an action under (b)(2).”).
¶98 Actions for money damages are the province of Rule 23(b)(3), which imposes additional requirements for notice and opt-out rights for the class members and requires findings that a class action would be superior to individual litigation and that common questions predominate over individual ones. See Mattson III, ¶ 19. ‘If recovery of damages is at the heart of the complaint, individual class members must have a chance to opt out of the class and go it alone-er not at all-without being bound by the class judgment.” Richards, 453 F.3d at 530. ‘Thus, when the relief sought would simply serve as a foundation for a damages award, ... or when the requested injunctive or declaratory relief merely attempts to reframe a damages claim,... the class may not be certified pursuant to Rule 23(b)(2).” Richards, 453 F.3d at 530 (citations omitted); see also Jamie S. v. Milwaukee Pub. Schs., 668 F.3d 481, 499 (7th Cir. 2012) (Rule 23(b)(2) certification improper when remedial order merely establishes a system for eventually providing individualized relief); Bolin v. Sears, Roebuck & Co., 231 F.3d 970, 979 (5th Cir. 2000) (declaratory relief must, as a practical matter, serve to afford injunctive relief or serve as a basis for later injunctive relief; certification under Rule 23(b)(2) improper where, ‘Tor most of the class, damages will be the only meaningful relief obtained”); DWFII Corp. v. St. Farm Mut. Auto. Ins. Co., 271 F.R.D. 676, 685 (S.D. Fla. 2010) (declining to certify Rule 23(b)(2) class where alleged damages for State Farm's underpayment or nonpayment of reimbursements for health care services of its insureds based on State Farm’s application of the Centers for Medicare and Medicaid Services’ National Correct Coding Initiative was “not a group injury requiring a group remedy” but “would require individual resolution of [factual] questions relevant to each claim for reimbursement’); Cholakyan v. Mercedes-Benz USA, LLC, 281 F.R.D. 534, 561 (C.D. Cal. 2012) (denying Rule 23(b)(2) class certification where injunctive relief to create a reimbursement program “would merely ‘initiate a process’ through which individual class members could receive a monetary award” rather than grant classwide relief in the form of an injunction); Mogel v. UNUM Life Ins. Co. of Am., 646 F. *438 Supp. 2d 177,184 (D. Mass. 2009) (despite satisfying all requirements of Rule 23(a), class certification denied under Rule 23(b) because “[a]ny harm suffered as a result” of insurer’s alleged ERISA violations ‘has already occurred” and class members’ primary objective was to obtain monetary relief).
¶99 The Court’s brief attempt to distinguish this authority (Opinion, ¶ 69) falls short. The first certified class claim requires the District Court to declare whether the CCPR violates Montana’s unfair claims settlement practices laws. Opinion, ¶ 64. If the answer is ‘yes,” the District Court is to ‘issue a mandatory injunction requiring Allstate to give all class members notice of the right to re-open and re-adjust their individual claims.” Then, if the class trial determines that Allstate engaged in fraudulent or malicious conduct, “the trier of fact in the later individual cases may determine the amount of individual punitive damages to be awarded if individual actual damages are also established.” Opinion, ¶ 64 (emphases added). The Court expressly acknowledges, as a basis for its commonality holding, that “resolving whether the CCPR violates the UTPA would set the stage for later individual trials.”Opinion, ¶ 49. Thus, the decision today makes clear that the class trial is to occur for the purpose of establishing a foundation for individualized damage awards. Simply stated, this is not a Rule 23(b)(2) class.
¶100 The difficulty here is that the District Court already considered and denied, as part of a comprehensive, sixty-page order prior to Jacobsen’s first appeal, his motion to certify a class under M. R. Civ. P. 23(b)(3). Jacobsen did not appeal that ruling following its issuance in 2005 and would be barred from now challenging the District Court’s determination. Bragg v. McLaughlin, 1999 MT 320, ¶ 21, 297 Mont. 282, 993 P.2d 662 (overruled on other grounds, Essex Ins. Co. v. Moose’s Saloon, Inc., 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451). Nor did Jacobsen cross-appeal the District Court’s refusal, in its January 30, 2012, class certification order, to address his “fall-back Rule 23(b)(3) theory” because of the “cursory nature of Plaintiffs briefing and logical inconsistency of this theory with his primary Rule 23(b)(2) theory.” He similarly fails on appeal to develop his arguments or to address the separate Rule 23(b)(3) requirements of predominance and superiority.
¶101 In conclusion, because Jacobsen cannot establish all of the requirements of the rule, I dissent from the Court’s decision to uphold Rule 23(b)(2) class certification.
JUSTICE RICE joins in the dissenting Opinion of JUSTICE BAKER.

 Montana’s Rule 23, unlike its federal counterpart, allows appeal of right from an order granting or denying class action certification or an order finally and definitively rejecting a proposed class settlement. Compare M. R. Civ. P. 23(f) and Fed. R. Civ. P. 23(f). The federal rule also contains a provision specific to referral of certain matters to a United States Magistrate Judge. Fed. R. Civ. P. 23(h)(4).

I harbor reservations about whether Jacobsen meets the requirements of Rule 23(a)(3) and (a)(4), since he already has obtained the relief he seeks for the class-reopening and readjustment of an unrepresented claim. See Gary Plastic Packaging Corp. v. Merrill Lynch, 903 F.2d 176, 180 (2d Cir. 1990) (unique defenses may preclude both 23(a)(3) typicality and 23(a)(4) adequacy of representation) (citing 7A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §1764 at 259-60 (2d ed. 1986) and 3B J. Moore & J. Kennedy, Moore’s Federal Practice para. 23.07[1] at 23-192 (2d ed. 1987)). My concern is heightened by the Court’s determination that Jacobsen’s claims satisfy typicality because “the specifics of [his] injuries [will] be aired *436 in a later, individual suit for damages if the court awards the requested class injunctive and declaratory relief.” Opinion, ¶ 57. Since that concern relates primarily to the requirements of Rule 23(b)(2), I do not further discuss typicality here.

 The Wal-Mart Court questioned whether “even a ‘predominating request’ ’’for injunctive relief would support Rule 23(b)(2) certification if accompanied by a claim for damages, but left open the possibility that some incidental monetary relief might still be allowed in such an action. 131 S. Ct. at 2559-60.